CARLOS LÓPEZ, Plaintiff and Appellant, *v.* WORKMEN'S RELIEF COMMISSION OF PORTO RICO, Defendant and Appellee.

No. 4249.   Argued January 26, 1928.—Decided March 6, 1928.

*Leopoldo Tormes* for the appellant.   Acting Attorney General *J. A. López Acosta* and Assistant Attorney General *Emilio Aldrey* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Carlos López, in a petition for a mandamus dated March 16, 1927, described an accident said to have occurred on April 24, 1924, and alleged that a claim for relief had been duly filed in the office of the Workmen's Relief Commission; that after the archives of said Commission had been destroyed by fire in November, 1926, petitioner filed another

application, and that the defendant commission, notwithstanding the time elapsed, had not taken any action in regard to said application and had adopted an attitude of indifference towards the requests of petitioner in this respect.

In response to an alternative writ, defendant appeared and explained that as a consequence of the fire mentioned in the application it had been necessary to restore or reconstruct the record of petitioner's case which had been destroyed, that such record was being reconstructed and that petitioner's case would be disposed of within a reasonable time.

Petitioner appeals from an order quashing the alternative writ and dismissing the petition as a result of the explanation so offered, and says that the order is contrary to the facts and the law.

Following the broad generalization of this assignment, appellant points out that more than two years had elapsed between the accident and the fire, and quotes at length from the case of *Luciano* v. *Workmen's Relief Commission*, 35 P.R.R. 933. If the petition had been filed in March, 1926, instead of March, 1927, and if the district court had quashed the alternative writ and dismissed the action in the absence of a satisfactory showing by defendant as to the cause of the long delay, the contention of appellant would have had great weight. But it does not follow that the explanation given by the defendant in the instant case was insufficient, or that the court erred in refusing to compel the defendant to do what was impossible.

On the 31st of last January, a motion to dismiss the appeal was overruled for failure to serve notice upon appellant, who did not appear at the hearing. From a certificate attached to the motion, however, it appears that the case was decided on its merits by the defendant commission in August, 1927. In the instant case there was no pronouncement as to costs and the only question sought to be raised by appellant is, *prima facie,* academic.

The judgment appealed from must be affirmed.

Justices Aldrey and Texidor took no part in the decision of this case.